**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 96-10477

(Summary Calendar)

_____

VIVIAN WILLIAMS,

                         Plaintiff-Appellant,

versus

DALLAS COUNTY COMMUNITY COLLEGE DISTRICT AND
THE BILL J PRIEST INSTITUTE FOR ECONOMIC
DEVELOPMENT,

                         Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-2798-X)

_____

January 3, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiff Vivian Williams, proceeding *pro se*, appeals the

district court's grant of summary judgment in favor of Defendant

_____

     [*]     Pursuant to Local Rule 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Dallas County Community College District ("DCCCD").[2]  We affirm.

I

Vivian Williams filed suit against the DCCCD alleging discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.  Specifically, Ms. Williams alleges that she was terminated from her job as an "Executive Secretary I" at the Bill J. Priest Institute for Economic Development because she is African-American and because she allegedly filed an Equal Employment Opportunity ("EEO") grievance against her supervisor.

The DCCCD brought a motion for summary judgment to which Ms. Williams did not file a response.  In support of its motion, the DCCCD presented evidence that Ms. Williams was terminated because she had falsified her employment application by indicating that she possessed a college degree, when in fact she did not.  The DCCCD also demonstrated that it filled Ms. Williams' position with other African-American females after Ms. Williams' termination, and that Ms. Williams was not qualified for the position because she did not possess a college degree.

The district court granted the DCCCD's motion for summary

---

[2]  Though named as a defendant in this suit, the Bill J. Priest Institute for Economic Development is a part of the DCCCD. As the district court noted, the Institute was never served with process.  Thus, the district court dismissed Ms. Williams' claims against the Institute for want of prosecution.  Ms. Williams does not challenge this dismissal on appeal.

judgment.  Ms. Williams appeals.

## II

We review *de novo* a district court's grant of summary judgment, applying the same standards as the district court. *Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.3d 758, 761 (5th Cir. 1996).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).

To establish a *prima facie* case of discrimination in violation of Title VII,[3] a plaintiff must demonstrate:  (1) that she is a member of a protected class; (2) that she was qualified to perform the job; (3) that she was discharged; and (4) that she was replaced by a person outside the protected class. *Normand v. Research Inst. of Am., Inc.*, 927 F.2d 857, 859 (5th Cir. 1991).

Once a plaintiff has established a *prima facie* case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the adverse employment action.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502,

---

[3]    Ms. Williams alleges violations of both Title VII and 42 U.S.C. § 1981.  However, as the district court correctly noted, the elements of the two claims are identical. *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1284 n.7 (5th Cir. 1994), *cert. denied*, __ U.S. __, 115 S. Ct. 1099, 130 L. Ed. 2d 1066 (1995); *see also Flanagan v. A.E. Henry Community Health Servs. Ctr.*, 876 F.2d 1231, 1233-34 (5th Cir. 1989) ("When 42 U.S.C. § 1981 and Title VII are alleged as parallel bases of relief, the same elements of proof are required for both actions.").  Thus, we employ only one analysis in evaluating Ms. Williams' Title VII and § 1981 claims.

506-07, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993). If the defendant provides such a reason, the plaintiff must demonstrate that the proffered reason is a pretext for discrimination. *Id.* at 507-08, 113 S. Ct. at 2747.

Ms. Williams did not establish a *prima facie* case of discrimination in violation of Title VII or § 1981 because she was replaced by two persons within her protected class. Moreover, the DCCCD presented evidence that Ms. Williams was not qualified for the position from which she was terminated because she did not have a college degree and the posted Notice of Vacancy for the position included the educational requirement of "Associate Degree in secretarial science or equivalent." Therefore, Ms. Williams failed to make a *prima facie* case, and the district court properly granted summary judgment.

Also, in failing to respond to the DCCCD's summary judgment motion, Ms. Williams failed to present any evidence, even outside the *prima facie* case framework, indicating that racial discrimination motivated her termination. *See Jatoi v. Hurst-Euless-Bedford Hosp. Auth.*, 807 F.2d 1214, 1219 (5th Cir. 1987) ("If a plaintiff cannot establish some or all of the [elements of the *prima facie* case], the district court must examine all the evidence that has been adduced for other indicia of racial discrimination relating to [the plaintiff's] discharge and determine whether it is more likely than not that the employer's

-4-

actions were based on illegal discriminatory criteria."), *cert. denied*, 484 U.S. 1010, 108 S. Ct. 709, 98 L. Ed. 2d 660 (1988).

Furthermore, had Ms. Williams established a *prima facie* case of discrimination, the DCCCD presented evidence of a legitimate, nondiscriminatory reason for Ms. Williams' termination))that she falsified her employment application to indicate that she possessed a college degree that she did not indeed possess.  Ms. Williams offered no evidence demonstrating that the DCCCD's proffered nondiscriminatory reason is a pretext for discrimination.

Thus, for the foregoing reasons, we affirm the district court's grant of summary judgment on Ms. Williams' discrimination claims.  *See also Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996) ("Because plaintiffs filed no timely response [to the defendant's summary judgment motion], they did not meet their burden to designate specific facts showing that there is a genuine issue for trial.  Therefore, the district court's order granting summary judgment in favor of Conoco was entirely appropriate.") (quotations and citations omitted).

Ms. Williams also alleges that she was terminated in retaliation for her alleged filing of a grievance against her supervisor.  To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate:  (1) that she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between

-5-

the participation in the protected activity and the adverse employment decision. *Jones v. Flagship Int'l*, 793 F.2d 714, 724 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065, 107 S. Ct. 952, 93 L. Ed. 2d 1001 (1987).

Ms. Williams did not establish a *prima facie* case of retaliation. Specifically, she provided no evidence other than the allegations in her complaint that she filed an EEO grievance against her supervisor.[4] Furthermore, she presented no evidence demonstrating that a causal connection existed between the alleged EEO grievance and her termination. As a result, we also affirm the district court's grant of summary judgment in favor of the DCCCD on Ms. Williams' retaliation claim.[5]

---

[4] On appeal, Ms. Williams presents what appears to be a handwritten letter from herself to Elizabeth Klimback regarding the alleged filing of a grievance. This document does not appear in the district court record, and therefore cannot be considered on appeal. *See Stults*, 76 F.3d at 657 ("Although on summary judgment the record is reviewed *de novo*, this court for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion.") (citation omitted).

[5] The DCCCD also argues that Ms. Williams' claims were time-barred by Title VII, 42 U.S.C. § 2000e-5(f)(1). The date of receipt of a right-to-sue letter triggers the commencement of the statutory time period for filing suit. *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1249 (5th Cir. 1985) ("We believe that ordinarily the purposes of the Act will be served by commencement of the ninety-day period on the date that notice is received at the address supplied to the EEOC by the claimant."). "[C]ommencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the ninety-day requirement is akin to a statute of limitations." *Id.* at 1248 n.1.

The parties in this case apparently contest the date on which

AFFIRMED.

---

Ms. Williams received her right-to-sue letter. *See* Appellee's Brief at 7 ("Ms. Williams . . . alleges that she did not receive [right-to-sue] notice until August 28, 1995. . . . DCCCD asserts that Ms. Williams received notice prior to August 26, 1995, thus making the filing of her suit untimely and barred as a matter of law."). However, because we find that summary judgment in favor of the DCCCD is appropriate on the merits of Ms. Williams' claims, we need not reach the DCCCD's statute of limitations argument or attempt to resolve the dispute regarding Ms. Williams' receipt of the right-to-sue letter.